UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN MANNION, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY PALANZA <br><br> Defendant. | Civil Action No. 1:24-cv-8194 <br><br> **COMPLAINT** |

Plaintiff Jonathan Mannion ("Mannion"), by his attorneys, as and for his Complaint against Anthony Palanza (the "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This Complaint is an action for copyright infringement under the Copyright Law of the United States, 17 U.S.C. § 101 et seq.

## PARTIES

2. Plaintiff is an individual, who at all relevant times herein has been a resident of the City, County and State of New York.

3. On information and belief, Defendant is an individual operating under the Etsy username "PrintsFashions," who at all relevant times herein has been a resident of New Hampshire, with an address at 35 Julia Drive, Dover, New Hampshire, 03820.

4. On information and belief, Defendant advertises and sells apparel products, including T-shirts, hoodies, and other clothing items, via the Etsy e-commerce platform, including to residents within the Southern District of NY.

1

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright).

6. This Court has personal jurisdiction over the Defendant because they have conducted, and continue to conduct, substantial business in the State of New York, including the Southern District of New York, and have committed acts of copyright infringement in this District. The Defendant has purposefully directed their activities at this District, and the claims arise out of or relate to such activities.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or because the Defendant may be found in this District.

## BACKGROUND

8. Jonathan Mannion is one of America's most accomplished portrait photographers working today, and is renowned in the world of music and entertainment. He has photographed more than 500 of the most important rappers, actors, athletes, artists, designers and tastemakers of our time. With training as a studio assistant for the legendary Richard Avedon, globally considered one of the greatest photographers of all time, Mannion brings technical excellence to his portrait photography, and works closely with his subjects to achieve a psychological connection and art direction that conveys the cultural zeitgeist of the time, producing iconic images of important cultural figures.

9. Among the images achieved by Mannion is an iconic portrait of the artist Lauryn Hill, formerly of the group The Fugees, registered with the U.S. Copyright Office under Reg. No. VAu001318950 (the "Lauryn Hill Image"). A copy of this image appears at Exhibit A. A copy of Reg. No. VAu001318950 appears at Exhibit B.

10. As part of his business, Mannion regularly licenses his copyrighted works for use in publications, in television, films and advertisements, and on commercial merchandise such as t-shirts, hats, sweatshirts, posters, calendars, etc. The iconic nature of Mannion's work means that his images retain their value over generations and are routinely licensed for commercial use decades after their creation. The licensing of his intellectual property is a critical piece of Mannion's income.

11. In or around September 2024, Mannion became aware that Defendant was selling apparel featuring the Lauryn Hill Image and/or a substantially similar facsimile thereof via the e-commerce platform, Etsy (the "Infringing Material"). *See* Exhibit C. Mannion, as the owner of the copyright in the Lauryn Hill Image, did not give any permission, authorization or license to Defendant to use and/or create a substantially similar facsimile of the Lauryn Hill Image.

12. In October 2024, Mannion, by and through his counsel at the time, issued take-down notices to Etsy in accordance with the so-called "safe harbor" provision of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512. On or about October 17, 2024, Mannion received notice from Etsy that the Infringing Material had been removed from the Etsy platform, but that Defendant had made a counter-notice to Etsy, swearing under penalty of perjury that they had a good faith belief that the material was removed or disabled by mistake or because of misidentification of the material. *See* Exhibit D.

## COUNT I
## COPYRIGHT INFRINGEMENT: LAURYN HILL IMAGE

13. Plaintiff is the author and creator of the photograph known as the "Lauryn Hill Image" (the "Copyrighted Work"), which is registered with the US Copyright Office as Reg. No. VAu001318950.

14. Plaintiff, by causing the creation of the Copyrighted Work, thereby secured the exclusive rights granted to the author of copyrightable work under the copyright laws of the United States.

15. Since the creation of the Copyrighted Work, publication of same by Plaintiff or under his authority or license has been in strict conformity with the provisions of the copyright laws.

16. Since the creation of the Copyrighted Work, Plaintiff has been the sole proprietor of all rights, title and interest in and the copyright of the Lauryn Hill Image.

17. Prior to the commencement of this action, Plaintiff complied in all respects with the United States Copyright Act and all other laws governing copyrights by filing the Copyrighted Work with the United States Copyright Office, along with payment of the requisite fees, and received a Certificate of Registration. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit B.

18. Defendant has created, reproduced, and/or distributed an image (the "Infringing Image") that is substantially similar to the Copyrighted Work. A comparison of the Copyrighted Work and the Infringing Image reveals that they share key elements, including but not limited to the subject (performer Lauryn Hill) and the subject's posture, pose, facial expression, composition, attire, accessories and hairstyle.

19. The substantial similarity between the Copyrighted Work and the Infringing Image is sufficient to establish that the Defendant copied the protected expression embodied in the Copyrighted Work, rather than independently creating an original work. Defendant's reproduction and distribution of the Infringing Image on apparel available for sale on the Etsy e-commerce platform located at www.etsy.com, without Plaintiff's authorization, constitutes an infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, and display the copyrighted work.

20. Defendant has thus violated Plaintiff's exclusive rights in the copyright to the Copyrighted Work, in violation of Sections 106(2) and (5) of the Copyright Act of 1976, 17 U.S.C. Sections 106(2) and (5).

21. Defendant's conduct has caused, and continues to cause, Plaintiff irreparable harm for which there is no adequate remedy at law, and Plaintiff is entitled to injunctive relief to prevent further infringement, as well as damages and profits attributable to the infringement.

22. These unauthorized and infringing uses of the Copyrighted Work by Defendant are not transformative in any way under the test set forth in the Supreme Court of the United States decision dated May 18, 2023 in *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith, et. al.,* 598 US 508 (2023), are clearly commercial in nature, constitute a taking of 100% of the Copyrighted Work, and materially adversely impacts the market for plaintiff's Copyrighted Work. Accordingly, such infringing acts do not constitute a fair use under the U.S. Copyright Act.

WHEREFORE, Plaintiff Jonathan Mannion demands judgment against Defendant, as follows:

(A) that Defendant, their agents, servants, employees, officers, attorneys and all those persons in active concert or participation with each and any of them be enjoined during the

pendency of this action and permanently, from directly or indirectly infringing the Copyright of Plaintiff in any manner, and from using or publishing the Copyrighted Work, or selling or promoting any goods, garments, and/or other items bearing the Copyrighted Work or substantially similar facsimiles thereof.

　　　　　(B)　　that Defendant be required to deliver up to Plaintiff to be impounded during the pendency of this action, all products and other material infringing the Copyrighted Work, which are in their possession or under their control and to deliver up for destruction any such material used in the making or publishing of such infringing matter;

　　　　　(C)　　that Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of their infringements of said copyright and to additionally account for all gains, profits and advantages derived by Defendant by their infringement of Plaintiff's copyright in the Copyrighted Work and such other damages as to the Court shall appear proper within the provisions of Copyright Law.

　　　　　(D)　　alternatively, that Defendant pay to Plaintiff statutory damages of up to $150,000 per infringement, to be elected under 17 U.S.C. § 504;

　　　　　(E)　　that Defendant pay to Plaintiff all the costs and expenses of this action, including reasonable attorneys' fees to be assessed by the Court, plus interest as appropriate, and such other and further relief as to this Court seems just and proper.

Dated:  October 22, 2024

　　　　　　　　　　　　　　　　　　Law Offices of Joel L. Hecker

　　　　　　　　　　　　　　　　By:  s/ Joel L. Hecker, Esq.
　　　　　　　　　　　　　　　　　　Joel L. Hecker
　　　　　　　　　　　　　　　　　　Law Offices of Joel L. Hecker
　　　　　　　　　　　　　　　　　　80 Country Ridge Drive
　　　　　　　　　　　　　　　　　　Rye Brook, NY 10573
　　　　　　　　　　　　　　　　　(917) 848-9373

heckeresq@aol.com

Sarah C. Hsia (SH-1030)
Rockstone Legal LLC
229 W. 36th Street, 8th Floor
New York, NY 10018
(212) 481-0004
sarah@rockstonelegal.com

*Attorneys for Plaintiff Jonathan Mannion*